Adam B. Nach – 013622
Joel F. Newell- 025296
**LANE & NACH, P.C.**
2001 E Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: joel.newell@lane-nach.com

Attorneys for Diane M. Mann, Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>CHARLES MARTIN WESLEY,<br><br>Debtor. | (Chapter 7 Case)<br>Case No. 2:12-bk-24374-MCW<br><br>**STIPULATED APPLICATION TO COMPROMISE CLAIMS [F.R.B.P. 9019]** |

Diane M. Mann, Chapter 7 Trustee ("**Trustee**"), and Patricia A. Johnson fka Patricia A. Wesley ("**Mrs. Johnson**"), by and through their attorneys undersigned (collectively "**Parties**"), herein apply to this Court for an Order authorizing Trustee to compromise claims of the Estate of Charles Martin Wesley ("**Debtor**"). In support of this Stipulated Application, the Parties present the following Memorandum of Points and Authorities and the entire record of this Chapter 7 administrative case and related adversary matter.

### **MEMORANDUM OF POINTS AND AUTHORITIES**

**A. FACTUAL BACKGROUND.**

1. On or about September 17, 1971, Debtor and Mrs. Johnson were married.

2. On or about January 24, 2008, Debtor and Mrs. Johnson used the proceeds from the sale of a property in Texas to purchase real property in Arizona located at 39597 N. 106th Street, Scottsdale, AZ 85262 ("**Arizona Property**").

3. On or about June 17, 2011, the Arizona Property was sold which resulted in net sale proceeds in the amount of $153,322.67 ("**Sale Proceeds**") which were placed in a bank account held by Shelby AZ, LLC ("**Shelby AZ**").

4.  Upon information and belief, Debtor and Mrs. Johnson were the sole owners of Shelby AZ and Shelby AZ was a community property asset of Debtor and Mrs. Johnson.

5.  On October 3, 2011, Debtor and Mrs. Johnson's marriage was dissolved pursuant to a Consent Decree of Dissolution of Marriage (Divorce) ("**Decree**") entered in the Maricopa County Superior Court.

6.  The Decree did not reference or address either party's interest in Shelby AZ or the Sale Proceeds.

7.  On or around December 2, 2011, Mrs. Johnson formed Shelby House, LLC ("**Shelby House**").

8.  This case was commenced by voluntary petition filed by Debtor on November 8, 2012 ("**Petition Date**").

9.  Trustee is the duly qualified and acting Trustee in this case.

10. Trustee alleges that Mrs. Johnson transferred the community property proceeds from the sale of the Arizona Property into her personal bank account, and later into an account in the name of Shelby House, for the benefit of her sole and separate property ("**Transfer**").

11. On or about November 6, 2014, Trustee commenced an adversary proceeding, case number 2:14-ap-00917-BKM, wherein Trustee claims that the transfer of one-half of Debtor's share of the Sale Proceeds is avoidable and recoverable from Mrs. Johnson pursuant to 11 U.S.C. §§ 547, 548, 550, and 551 ("**Claim**").

12. Mrs. Johnson disputes Trustee's Claim, and asserts that the Transfer was a form of spousal maintenance and contends Debtor received ample consideration in return. Mrs. Johnson further asserts, among other defenses, that she was a good faith transferee pursuant to 11 U.S.C. §§ 550(b)(1) and that the Sale Proceeds are protected under Arizona's homestead exemption pursuant to A.R.S. § 33-1101(A).

13. On or about January 19, 2016, the Court entered an Order granting Mrs. Johnson's Motion for Summary Judgment regarding Count 1 of the Claim; however, denied Mrs. Johnson's Motion for Summary Judgment regarding Count 2.[1]

---

[1] Count 3 of the Trustee's Complaint was voluntarily dismissed at oral argument on October 6, 2015.

Lane & Nach, P.C.
2001 E. Campbell Ave., #103
Phoenix, AZ 85016

### B. AGREEMENT BETWEEN THE PARTIES.

14. Trustee has received an offer from Mrs. Johnson to settle the Claims. Mrs. Johnson agrees to pay to the Estate the sum of $5,000.00 ("**Settlement Amount**"), as set forth below, in order to settle the Estate's interest in the Claims, subject to Court Approval.

15. Mrs. Johnson agrees to pay the Settlement Amount to the Trustee within ten (10) days after entry of an Order approving this Stipulated Application.

16. Mrs. Johnson further agrees that if payment is received by the Trustee prior to the Court entering an Order approving this Stipulated Application, the Trustee may deposit the payment into the Trustee's bank account established for this case.

17. Payment shall be in the form of a check naming as payee "**Diane M. Mann, Trustee**" and mailed directly to "**Diane M. Mann, Trustee, P.O. Box 12970, Scottsdale, AZ 85267-2970**" with a photocopy of the check emailed to adam.nach@lane-nach.com.

18. Upon entry of the Order approving the Stipulated Application and receipt of the Settlement Amount in full by the Trustee, the Trustee shall file the documents necessary to dismiss the Adversary Complaint with prejudice as to all named Defendants each party bearing their own attorneys' fees and costs.

19. This Agreement is entered into between the Parties as a compromise of claims disputed as to amount and is executed solely for the purpose of avoiding the cost and uncertainty of litigation. None of the Parties, by entering into this Agreement, admits lack of merit to their respective positions or merit of opposing positions.

20. If any term, covenant, condition or provision hereof is illegal or invalid or unenforceable for any reason whatsoever, such illegality or invalidity or unenforceability shall not affect the legality, validity or enforceability of the remaining parts hereof.

21. The signatories hereto represent and warrant that they have the authority to execute this Agreement for and on behalf of the Parties, that they have not assigned, conveyed, or otherwise transferred those claims or causes of action released herein, and that the Parties own all claims and causes of action they purport to release herein.

22. Although Trustee believes she would be successful in litigation, based upon the time, costs, and uncertainty associated with litigation, Trustee, in her best business judgment, believes that the current settlement will maximize distribution to creditors of the Estate. Moreover, even if successful in litigation, Trustee anticipates that litigation costs would be significant.

23. This Agreement is expressly contingent upon entry of a Court Order approving the terms set forth herein.

### C. LEGAL AUTHORITY.

This Court has jurisdiction over Debtor's Chapter 7 case under 28 U.S.C. § 1334. Proceedings with respect to the Motion are core proceedings that the Court may hear and decide. *See* 28 U.S.C. § 157(b)(1) and (b)(2)(A), (E), (F), and (H). Moreover, venue is appropriate pursuant to 28 U.S.C. § 1408(1).

The requested relief is authorized by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure which provides as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, the indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

The Trustee, in the exercise of her best business judgment and in consideration of the requirements of *A & C Properties*, 784 F.2d 1377 (9th Cir. 1986), *In re Woodson*, 839, F.2d 610 (9th Cir. 1988), and *In re Schmitt*, 215 B.R. 417 (9th Cir. BAP 1997), believes that the proposed compromise and settlement is an appropriate resolution of this matter.

Bankruptcy courts have broad discretion in approving compromise agreements. *In re Woodson* 839 F.2d at 620. The Court may approve a compromise if it is fair and equitable. *Id*. In determining the fairness and adequacy of a proposed compromise agreement, the Court should consider the following four factors: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in collection; (3) the complexity of the litigation involved as well as the expense, inconvenience and delay necessarily attendant to the litigation; and (4) the paramount interest of creditors and a proper deference to their reasonable views.

Consideration of these factors does not require the Court to decide questions of law or fact raised

in the controversies sought to be settled, or determine that the compromise presented is the best possible outcome. Rather, the Court need only canvass the issues to determine whether the settlement fails "below the lowest point in the zone of reasonableness". *Newman v. Stein*, 464 F.2d 689, 698 (2nd Cir. 1972). cert. denied. 409 U.S. 1039 (1972); see also *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (Bankr. E.D. Pa. 1992) (holding that a bankruptcy court must consider these factors to see whether the settlement falls below the lowest point in the range of reasonableness.) Accordingly, if the court finds the compromise does not fall below the threshold of reasonableness, the compromise should be approved. *In re Planned Protective Services, Inc*., 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991).

The Trustee believes the proposed settlement is in the best interest of the creditors and parties-in-interest of this Estate. The settlement provides funds for the benefit of creditors of the Estate while avoiding the cost and uncertainty associated with litigation of this matter.

WHEREFORE, the Parties pray for an Order of this Court as follows:

    A.    Authorizing the Trustee accept the sum of $5,000.00, pursuant to the terms set forth herein, in order to settle the Estate's interest in the Claims, and

    B.    For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 21st day of April, 2016.

**LANE & NACH, P.C.**

By   /s/ JFN – 025296
    Adam B. Nach
    Joel F. Newell
    Attorneys for Trustee

**DECONCINI MCDONALD YETWIN & LACY, P.C.**

By   /s/ Jody A. Corrales
    Jody A. Corrales
    Attorney for Defendants Patricia Johnson and Thomas Johnson

///
///

# CERTIFICATE OF MAILING

COPY of the foregoing delivered via first class mail as follow:

Charles Martin Wesley
31972 N. 127th Lane
Peoria, AZ 85383
*Debtor, Pro Se*

COPY of the foregoing delivered via electronic mail as follows:

| | |
|---|---|
| Office of U.S. Trustee<br>230 North First Avenue<br>Phoenix, AZ 85003<br>Email: Renee.S.Shamblin@usdoj.gov | Jody A. Corrales<br>Deconcini McDonald Yetwin & Lacy, P.C.<br>2525 East Broadway Blvd., Suite 200<br>Tucson, AZ 85716-5300<br>Email: jcorrales@dmyl.com<br>*Attorney for Defendants Patricia Johnson and Thomas Johnson* |

By  /s/ Stephanie Anderson